UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DOCKLIGHT BRANDS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> TILRAY, INC. AND HIGH PARK HOLDINGS, LTD.; <br><br> Defendants. | CASE NO. 2:21-cv-1692 <br><br> **NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE THAT DEFENDANTS TILRAY, INC. AND HIGH PARK HOLDINGS, LTD. hereby remove this action, captioned *Docklight Brands, Inc. v. Tilray, Inc. and High Park Holdings, Ltd.*, bearing case number 21-2-14734-4 SEA (the "Action"), from the Superior Court of the State of Washington for King County to the United States District Court for the Western District of Washington. Tilray, Inc. ("Tilray") and High Park Holdings, Ltd. ("High Park") (collectively, the "Defendants") remove this Action under 28 U.S.C. §§ 1332, 1441(a) and (b), and 1446 for the reasons stated below.

NOTICE OF REMOVAL
CASE NO. 2:21-cv-1692

– 1 –

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101-2961
Telephone: (206) 905-7000 Fax: (206) 905-7100

## BACKGROUND

1. On or about November 5, 2021, Plaintiff Docklight filed a complaint against Defendants Tilray and High Park in the Superior Court of the State of Washington for King County.

2. On or about November 8, 2021, Plaintiff filed a jury demand in the Action (the "Jury Demand").

3. On or about November 22, 2021, Defendants' counsel accepted service of the complaint and summonses on behalf of Defendants Tilray and High Park, which Acceptance of Service was then filed on November 23, 2021.

4. On or about November 23, 2021, the Parties stipulated and agreed to an extension of Defendants' deadline to respond to Plaintiff's complaint by January 21, 2022.

5. On or about November 24, 2021, the Superior Court entered an order extending Defendants' deadline to respond to Plaintiff's complaint to January 21, 2022.

6. On or about December 10, 2021, Plaintiff Docklight filed an amended complaint against Defendants Tilray and High Park in the Superior Court of the State of Washington for King County (the "Amended Complaint").

7. On or about December 21, 2021, the Parties stipulated and agreed to remove the Action to the United States District Court for the Western District of Washington.

8. Pursuant to 28 U.S.C. § 1446(a), a copy of the Amended Complaint is attached hereto as Exhibit 1.  A copy of the Jury Demand is attached hereto as Exhibit 2.  A copy of the Civil Cover Sheet is attached hereto as Exhibit 3.

9. Plaintiff brings causes of action for (i) Breach of Contract and (ii) Negligent Misrepresentation.  *See* Amend. Compl. at 12-14.

NOTICE OF REMOVAL
CASE NO. 2:21-cv-1692
– 2 –

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101-2961
Telephone: (206) 905-7000 Fax: (206) 905-7100

10. Defendants' time to answer the Amended Complaint has not expired, and Defendants have not served or filed an Answer in the Action.

11. This Action is removable under the 28 U.S.C. § 1332(a). Defendants have satisfied all procedural requirements of 28 U.S.C. § 1446 and hereby remove this Action to the United States District Court for the Western District of Washington under 28 U.S.C. §§ 1332, 1441(a) and (b), and 1446.

## **VENUE AND JURISDICTION**

12. *Venue.* The United States District Court for the Western District of Washington is a federal judicial district embracing the Superior Court of the State of Washington for King County, where Plaintiff originally filed this Action. Venue is therefore proper under 28 U.S.C. § 1441(a).

13. *Basis of Original Jurisdiction.* This Court has original jurisdiction over the Action pursuant to 28 U.S.C. § 1332(a), and Defendants Tilray and High Park are entitled to remove the Action to this Court under 28 U.S.C. § 1441(a) because it is a civil action between citizens of different states, the amount in controversy exceeds $75,000 exclusive of interests and costs, and all other requirements for removal have been satisfied.

14. *Diversity of Citizenship.* For a case to qualify for federal jurisdiction under 28 U.S.C. § 1332, there must be complete diversity of citizenship between the parties opposed in interest. *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181 (9th Cir. 2004). Here, the diversity of citizenship requirement of 28 U.S.C. § 1332 has been satisfied because Plaintiff is a Washington citizen and both of the Defendants are citizens of states other than Washington.

15. For purposes of diversity jurisdiction, it is black-letter law that a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of

NOTICE OF REMOVAL
CASE NO. 2:21-cv-1692 — 3 —

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101-2961
Telephone: (206) 905-7000 Fax: (206) 905-7100

business . . . ." 28 U.S.C. § 1332(c)(1); *see also, e.g.*, *Hertz Corp. v. Friend*, 559 U.S. 77, 78 (2010).

16. Neither Defendant is a citizen of Washington. Defendant Tilray is now, and was at the time this Action was commenced, a corporation organized under the laws of Delaware, with principal offices in New York and Canada, and with a majority of its business operations and activities occurring in Canada. Defendant High Park, a wholly-owned subsidiary of Tilray, is now, and was at the time this Action was commenced, a limited company organized under the laws of Canada, with principal offices in Canada, and with all of its business operations and activities occurring in Canada.

17. Accordingly, Defendants Tilray and High Park are now, and were at the time this Action was commenced, citizens of a state other than Washington within the meaning of 28 U.S.C. § 1332(c)(1).

18. ***Amount in Controversy.*** The amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy . . . ." 28 U.S.C. § 1446(c)(2). Plaintiff has demanded damages "in a bare minimum amount of $625,000 Canadian, plus interest" (*see* Compl. 11, ¶ 4.34), which equates to more than U.S. $500,000 at current exchange rates. Thus, the amount in controversy requirement under 28 U.S.C. §1332(a) has been met.

19. ***Timeliness.*** This removal notice is timely, as required by 28 U.S.C. § 1446(b). The thirty-day removal period begins to run when the defendant is served with the complaint or summons. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). Both Tilray and High Park accepted service on November 22, 2021, and therefore removal is timely.

NOTICE OF REMOVAL
CASE NO. 2:21-cv-1692

– 4 –

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101-2961
Telephone: (206) 905-7000 Fax: (206) 905-7100

20.  ***No Exceptions Apply.***  The exceptions to removal under 28 U.S.C. §§ 1332(d) and 1446 do not apply here.

21.  ***Other Removal Requirements.***  The other procedural requisites for removal are satisfied.  Defendants Tilray and High Park have complied with 28 U.S.C. §§ 1446(a) and (d).  Under 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, or orders on file in the state court and served in the state court are attached hereto as Exhibit 1 (Amended Complaint), Exhibit 2 (Jury Demand), and Exhibit 3 (the remainder of the state court docket).  Under 28 U.S.C. § 1446(d), a notice of filing of removal, with a copy of this Notice of Removal attached, will promptly be filed with the clerk of the Superior Court of the State of Washington for King County, Case No. 21-2-14734-4 SEA, and Defendants will promptly serve a notice of filing of removal, with a copy of this Notice of Removal attached, on Plaintiff's attorney.  A copy of the state court notice is attached hereto as Exhibit 5, and a copy of the adverse party notice is attached hereto as Exhibit 6.

22.  Furthermore, per the stipulation of removal filed in the King County Superior Court, Plaintiff agrees that the jurisdictional requirements are established here and stipulates to Defendants' removal.

## **CONCLUSION**

Defendants Tilray and High Park intend no admission of fact, law, or liability by this Notice, and reserve all defenses, motions, and pleas.  Defendants pray that this Action be removed to this Court for determination, that all further proceedings in the state court suit be stayed, and that Defendants obtain all additional relief to which they are entitled.

NOTICE OF REMOVAL
CASE NO. 2:21-cv-1692

– 5 –

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101-2961
Telephone: (206) 905-7000 Fax: (206) 905-7100

| | |
|---|---|
| DATED:  Seattle, WA<br>December 21, 2021 | QUINN EMANUEL URQUHART & SULLIVAN, LLP<br><br>By  */s/ Alicia Cobb*<br>    Alicia Cobb, WSBA #48685<br>    1109 First Avenue, Suite 210<br>    Seattle, Washington 98101<br>    (206) 905-7000<br>    aliciacobb@quinnemanuel.com<br><br>    Rachel E. Epstein (*pro hac vice forthcoming*)<br>    51 Madison Avenue, 22nd Floor<br>    New York, New York 10010<br>    (212) 849-7000<br>    rachelepstein@quinnemanuel.com<br><br>    *Attorneys for Defendants Tilray, Inc., and High Park Holdings, Ltd.* |

NOTICE OF REMOVAL
CASE NO. 2:21-cv-1692

– 6 –

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101-2961
Telephone: (206) 905-7000 Fax: (206) 905-7100

# **CERTIFICATE OF SERVICE**

I hereby certify that, on the below date, I caused a true and correct copy of this document to be delivered, via email and U.S. mail, to counsel of record as follows:

> Jeffrey M. Thomas, WSBA #21175
> Mark A. Wilner, WSBA #31550
> Michael P. Brown, WSBA #45618
> 600 University Street, Suite 2915
> Seattle, Washington 98101
> (206) 467-6477
> jthomas@gordontilden.com
> mwilner@gordontilden.com
> mbrown@gordontilden.com

DATED this 21st day of December, 2021, at Seattle, Washington.

> */s/ Alicia Cobb*
> Alicia Cobb, WSBA # 48685

NOTICE OF REMOVAL
CASE NO. 2:21-cv-1692
– 7 –
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101-2961
Telephone: (206) 905-7000 Fax: (206) 905-7100