The Honorable Tana Lin

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| DOCKLIGHT BRANDS, INC., <br><br> Plaintiff-Counterclaim Defendant, <br><br> v. <br><br> TILRAY INC. and HIGH PARK HOLDINGS, INC., <br><br> Defendants-Counterclaimants. | NO.  2:21-cv-01692-TL <br><br> AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER |

The parties hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

**A.   General Principles**

1.    An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner.  The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
ORDER - 1
No. 2:21-cv-01692-TL

GORDON TILDEN THOMAS CORDELL | 600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

2.  As provided in LCR 26(f), the proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.

**B.  ESI Disclosures**

Within 30 days of entry of this Order, or at a later time if agreed to by the parties, each party shall disclose:

1.  <u>Custodians</u>. The five custodians most likely to have discoverable ESI in their possession, custody or control. The custodians shall be identified by name and title.

2.  <u>Non-custodial Data Sources</u>. A list of non-custodial data sources (*e.g.*, shared drives, servers), if any, likely to contain discoverable ESI.

3.  <u>Third-Party Data Sources</u>. A list of third-party data sources, if any, likely to contain discoverable ESI (*e.g.*, third-party email providers, mobile device providers, "cloud" storage) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

4.  <u>Inaccessible Data</u>. A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B).

5.  <u>Foreign data privacy laws</u>. Nothing in this Order is intended to prevent either party from complying with the requirements of a foreign country's data privacy laws, *e.g.*, the European Union's General Data Protection Regulation (GDPR) (EU) 2016/679. The parties agree to meet and confer before including custodians or data sources subject to such laws in any ESI or other discovery request.

AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER - 2
No. 2:21-cv-01692-TL

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

C.  **ESI Discovery Procedures**

1. <u>On-site inspection of electronic media</u>.  Such an inspection shall not be required absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

2. <u>Search methodology</u>.  The parties shall timely confer to attempt to reach agreement on appropriate search terms and queries, file type and date restrictions, data sources (including custodians), and other appropriate computer- or technology-aided methodologies, before any such effort is undertaken.  The parties shall continue to cooperate in revising the appropriateness of the search methodology.

   a. Prior to running searches:

   i. The producing party shall disclose the data sources (including proposed custodians), proposed search terms and queries, any file type and date restrictions, and any other methodology that it proposes to use to locate ESI likely to contain responsive and discoverable information.  The producing party may provide unique hit counts for each search query.

   ii. Within 14 days of the producing party's disclosure described in C.2.a.i, the parties will meet and confer as necessary, including as to proposed custodians and additions or revisions to search terms or queries to be used.

   iii. The following provisions apply to search terms/queries of the requesting party.  Focused terms and queries should be employed; broad terms or queries, such as product and company names, generally should be avoided.  The producing party may identify each search term or query returning overbroad results demonstrating the overbroad results and a counter proposal correcting the overbroad search or query.

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
ORDER - 3
No. 2:21-cv-01692-TL

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

b. <u>After production</u>: The parties will meet and confer as necessary regarding any potential deficiencies that the parties have identified in the productions.

3. <u>Format</u>.

a. The parties shall produce their information in the following format: single-page TIFF images (with accompanying load files for e-discovery software that include metadata fields identifying natural document breaks and also include companion multi-page OCR and/or extracted text files with searchable text).

b. Unless otherwise agreed to by the parties, files that are not easily converted to image format, such as spreadsheet, database, and drawing files, will be produced in native format with TIFF slip-sheets. Native files produced may be renamed with the production Bates Number, so long as the file's metadata as required by this Order is also produced in the accompanying load file.

c. Each document image file shall be named with a unique number (Bates Number). File names should not be more than twenty characters long or contain spaces. When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, *i.e.*, the original formatting, the metadata (as noted below) and, where applicable, the revision history.

d. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

4. <u>De-duplication</u>. For electronic mail collected: the parties may de-duplicate their ESI production across custodial and non-custodial data sources, so long as the duplicate custodian information is provided.

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
ORDER - 4
No. 2:21-cv-01692-TL

GORDON TILDEN THOMAS CORDELL | 600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

For other electronic files collected: the parties may de-duplicate their ESI production across custodial and non-custodial data sources after disclosure of such sources to the requesting party, and so long as the duplicate custodian information removed during the de-duplication process is tracked in a duplicate/other-custodian field in the database load file or an accompanying spreadsheet.

5. <u>Metadata fields</u>.  The parties agree that only the following metadata fields need be produced, and only to the extent it is reasonably accessible and non-privileged:  document type; custodian and duplicate custodians (or storage location if no custodian); author/from; recipient/to, cc and bcc; title/subject; email subject; file name; file size; file extension; original file path; date and time created, sent, modified and/or received; hash value; confidentiality designation; and whether the document has been redacted.  The list of metadata type is intended to be flexible and may be changed by agreement of the parties, particularly in light of advances and changes in technology, vendor, and business practices.

6. <u>Hard-Copy Documents</u>.  If the parties elect to produce hard-copy documents in an electronic format, the production of hard-copy documents will include a cross-reference file that indicates document breaks and sets forth the custodian or custodian/location associated with each produced document.  Hard-copy documents will be scanned using Optical Character Recognition technology and searchable ASCII text files will be produced (or Unicode text format if the text is in a foreign language), unless the producing party can show that the cost would outweigh the usefulness of scanning (for example, when the condition of the paper is not conducive to scanning and will not result in accurate or reasonably useable/searchable ESI).  Each file will be named with a unique Bates Number (*e.g.*, the unique Bates Number of the first page of the corresponding production version of the document followed by its file extension).

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
ORDER - 5
No. 2:21-cv-01692-TL

GORDON TILDEN THOMAS CORDELL | 600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

D.    **Preservation of ESI**

The parties acknowledge that they have a common law obligation, as expressed in Fed. R. Civ. P. 37(3), to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody, or control.  With respect to preservation of ESI, the parties agree as follows:

1.    Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody, or control.

2.    The parties will supplement their disclosures in accordance with Fed. R. Civ. P. 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under Sections (D)(3) or (E)(1)).

3.    Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

   a.    Deleted, slack, fragmented, or other data only accessible by forensics.

   b.    Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

   c.    On-line access data such as temporary internet files, history, cache, cookies, and the like.

   d.    Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(4)).

   e.    Back-up data that are substantially duplicative of data that are more accessible elsewhere.

   f.    Server, system or network logs.

AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER - 6
No. 2:21-cv-01692-TL

GORDON TILDEN THOMAS CORDELL | 600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

g. Data remaining from systems no longer in use that is unintelligible on the systems in use.

h. Electronic data (*e.g.* email, calendars, contact data, and notes) sent to or from mobile devices (*e.g.*, iPhone, iPad, Android devices), provided that a copy of all such electronic data is automatically saved in real time elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

**E.     Privilege**

1. A producing party shall create a privilege log, including metadata, of all redacted documents and documents fully withheld from production on the basis of a privilege or protection, unless otherwise agreed or excepted by this Agreement and Order.  A slip-sheet will be produced for each withheld document that is part of a family that contains at least one redacted or non-privileged family member; the slip-sheet will contain a unique Bates Number and text noting that the document was withheld for privilege.  Privilege logs shall reference the Bates Numbers of the produced slip-sheets or redacted documents, or a unique identification number for non-produced documents for each document and the basis for the claim (attorney-client privileged or work-product protection).  For ESI, the privilege log may be generated using available metadata, including author/recipient or to/from/cc/bcc names; the subject matter or title; date created; and whether the document was redacted.  Should the available metadata provide insufficient information for the purpose of evaluating the privilege claim asserted, the producing party shall include such additional information as required by the Federal Rules of Civil Procedure.  The parties will agree upon a schedule for the production of privilege logs.

2. With respect to privileged or work-product information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

3. Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
ORDER - 7
No. 2:21-cv-01692-TL

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

4. Pursuant to Fed. R. Evid. 502(d) and (e) and Fed. R. Civ. P. 26(c)(1), the inadvertent disclosure or production of any information or document that is subject to protection on the basis of attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the disclosing party of any privilege applicable to the information or documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.  Upon receiving such a request as to specific information or documents, the receiving party shall sequester, destroy, or return the information or documents to the disclosing party within five (5) business days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection. When a disclosing party gives notice to receiving parties that certain inadvertently disclosed or produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Fed. R. Civ. P. 26(b)(5)(B).  The disclosing party shall provide an updated privilege log for such inadvertently disclosed privileged information or documents setting forth the data required by Section E.1 above.  The receiving party shall have five (5) business days from receipt of notification of the inadvertent disclosure or production to determine in good faith whether to contest such claim and to notify the disclosing party in writing of an objection to the claim of privilege and the grounds for that objection.

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
ORDER - 8
No. 2:21-cv-01692-TL

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

| | | |
|---|---|---|
| 1 | DATED: May 3, 2022 | **GORDON TILDEN THOMAS & CORDELL** LLP |
| 2 | | |

By: *s/ Michael P. Brown*
    Michael P. Brown (WSBA # 45618)
    600 University Street, Suite 2915
    Seattle, Washington 98101
    206.467.6477
    mbrown@gordontilden.com

*Attorneys for Docklight Brands, Inc.*

DATED: May 3, 2022        **QUINN EMANUEL URQUHART & SULLIVAN, LLP**

By: *s/ Alicia Cobb*
    Alicia Cobb, WSBA # 48685
    1109 First Avenue, Suite 210
    Seattle, WA 98101
    Tel: 206-905-7000
    Fax: 206-905-7100
    aliciacobb@quinnemanuel.com

    Rachel E. Epstein (*pro hac vice*)
    51 Madison Avenue, 22nd Floor
    New York, NY 10010
    Tel: 212-849-7000
    Fax: 212-849-7100
    rachelepstein@quinnemanuel.com

*Attorneys for Tilray Brands, Inc. and High Park Holding, Ltd.*

AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER - 9
No. 2:21-cv-01692-TL

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

**ORDER**

Based on the foregoing, IT IS SO ORDERED.

DATED: May 4, 2022

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER - 10
No. 2:21-cv-01692-TL

GORDON TILDEN THOMAS CORDELL
600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477