1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DOCKLIGHT BRANDS INC,

        Plaintiff-Counterclaim Defendant,

    v.

TILRAY INC. and HIGH PARK
HOLDINGS LTD,

        Defendants-Counterclaimants.

CASE NO. 2:21-cv-01692-TL

**ORDER REGARDING DISCOVERY
PURSUANT TO UPDATED JOINT
LCR 37 SUBMISSION**

On May 2, 2022, the parties filed a LCR 37 Submission Regarding Defendants'
Responses to Plaintiff's Discovery Requests. Dkt. 33. Based on Defendants' contention that they
had agreed to amend or supplement "nearly all of the [challenged] responses", the Court directed
the parties to confer and provide an update to their LCR 37 Submission. Dkt. 42. The parties
submitted their supplemental brief to apprise the Court of their respective positions on these
discovery disputes in light of Defendants' supplemental discovery responses, which were served
on May 20, 2022. Dkt. 45.

The Court has not set a discovery deadline, pending resolution of Plaintiff's motion to
dismiss (Dkt. 24), and a Report and Recommendation to grant in part and deny in part Plaintiff's
motion to dismiss filed on May 27, 2022. In the interim, Defendants moved to amend their
answer, which motion has been granted. Dkt. 45. The parties have each served their initial

ORDER REGARDING DISCOVERY
PURSUANT TO UPDATED JOINT LCR 37
SUBMISSION - 1

discovery requests, and responses and objections to those initial requests, but have not conferred on custodians or search terms, neither party has produced documents, and no depositions have been scheduled or taken. Dkt. 45, pp. 2-3.

## DISCUSSION

Docklight brought this lawsuit alleging Defendants materially breached, in several key respects, a licensing agreement ("License") under which Docklight granted rights to Defendant High Park to manufacture, advertise, distribute, and sell adult-use cannabis products in Canada using the likeness, image, etc. of Bob Marley ("Licensed Products"). Docklight alleges that since October 2021, High Park ceased making any royalty payments to Docklight, despite the fact it continues to sell and make money from Marley-branded products and is in continuing breach of its explicit obligation to provide Docklight documents that would allow it to understand and evaluate how High Park is exploiting the licensed intellectual property. Dkt. 1.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Under Rule 26, the concept of relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).

If the parties are unable to resolve their discovery issues, the requesting party may move for an order to compel. Fed. R. Civ. P. 37(a)(1). The parties indicate that they have met and conferred and have been unable to resolve their disputes as to the following interrogatories and requests for production.

Having carefully considered the parties' arguments, the Court **ORDERS** as follows:

ORDER REGARDING DISCOVERY
PURSUANT TO UPDATED JOINT LCR 37
SUBMISSION - 2

# I. REQUESTS FOR PRODUCTION

<u>Request for Production No. 22 to Tilray and No. 26 to High Park (Identical for Both)</u>:

Produce all Monthly Sales Statements, including any amendments thereto or corrected versions thereof, that you prepared and maintained pursuant to Paragraph 8.3 of the Superseding License as well as all data underlying those statements.

**Court's Order**:  The requested documents are relevant as they regard High Park's obligations under the Superseding License. Tilray and High Park state they will produce documents responsive to these requests "within the next few days." Defendants are ORDERED to produce documents responsive to these requests within five (5) days of this Order.

<u>Request for Production No. 23 to Tilray and No. 27 to High Park (Identical for Both)</u>:

Produce all books of account containing all data necessary for the determination of your compliance with the Superseding License, as required by Paragraph 8.5 of that agreement.

**Court's Order**:  The requested documents are relevant as they regard High Park's obligations under the Superseding License. Tilray and High Park state they will produce documents responsive to these requests "within the next few days." Defendants are ORDERED to produce documents responsive to these requests within five (5) days of this Order.

# II. INTERROGATORIES TO TILRAY

<u>Interrogatory Nos. 11 and 12 to Tilray</u>:

<u>Interrogatory 11</u> - Did the product de-listings you allege at paragraphs 30 and 40 of your Counterclaims constitute material information that should have been disclosed to Tilray's shareholders and/or potential shareholders? If your answer is no, please identify all material facts that support that answer, identify all documents that refer to or evidence those facts, and identify all persons with knowledge of those facts.

ORDER REGARDING DISCOVERY
PURSUANT TO UPDATED JOINT LCR 37
SUBMISSION - 3

1

2      <u>Interrogatory 12</u> - Describe the efforts, if any, you undertook to disclose to shareholders

3   and/or potential shareholders of Old Tilray, New Tilray, and/or Aphria the product de-listings to

4   which you refer in paragraphs 30 and 40 of your Counterclaims and the effect they had and/or

5   that you expected them to have on your revenues from sales of Licensed Products under the

6   License. Please include the manner and dates of any such efforts and identify all persons with

7   knowledge of these efforts and all documents that evidence or refer to them.

8      **Court's Order**: The information sought in these Interrogatory Nos. 11 and 12 is relevant

9   to Defendants' claim the de-listings rendered the parties' agreement financially unworkable.

10  Docklight argues if Tilray did not report the de-listings under securities regulations, that tends to

11  undercut its contention that they were material in the context of the License. Tilray does not

12  respond to the interrogatory directly, but states "it does not contend the information should have

13  been disclosed to shareholders." Docklight's motion is GRANTED ; Tilray is ORDERED to

14  submit a supplemental response to Interrogatory Nos. 11 and 12, specifically answering the

15  questions posed within five (5) days of this Order. Tilray need not disclose any privileged

16  information to answer the interrogatories as written.

17      <u>Interrogatory No. 13 to Tilray</u>:

18      Describe in detail when and how you became aware of the alleged product de-listings to

19  which you refer in paragraphs 30 and 40 of your Counterclaims, and identify all documents that

20  refer to or relate to this discovery and all persons with knowledge of it? Your response should

21  identify, without limitation, the person(s) from whom that information was received and the

22  person(s) who received it.

23

ORDER REGARDING DISCOVERY
PURSUANT TO UPDATED JOINT LCR 37
SUBMISSION - 4

1    **Court's Order:**  Tilray's response and supplemental response to Interrogatory No. 13 are

2    sufficient subject it to its duty to supplement as discovery progresses. Docklight seeks additional

3    detail which was not stated in the interrogatory and which may more appropriately be addressed

4    in further discovery including deposition discovery. Accordingly, Docklight's motion is

5    DENIED as to Interrogatory No. 13.

6        Interrogatory No. 14 to Tilray:

7        Describe in detail the efforts you made to review the Initial License, Amended License,

8    and/or Superseding License prior to and in connection with the Privateer Merger, and identify all

9    documents that refer to or evidence those efforts and all persons with knowledge of those efforts.

10       **Court's Order:**  Tilray argues the information regarding its post-execution review of the

11   February 2018 iteration of the License, as amended in May and December of 2018 is not

12   relevant. However, Defendants argue in this lawsuit they are not bound by the License because

13   of a lack of awareness of information relevant to that agreement and because Old Tilray's CEO

14   was conflicted by virtue of also being a shareholder in Docklight. The information sought goes to

15   the history of Tilray's awareness of the terms of the License and its claims of ignorance and/or

16   foul play by Docklight. Additionally, Defendants have requested the same information from

17   Docklight – related "to the February 2018 License Agreement between Docklight and High Park,

18   including any Documents which . . . relate to the post-execution review of same." Dkt. 34 at 35.

19       Docklight's motion is GRANTED; Tilray shall provide a full response to Interrogatory

20   No. 14 within five (5) days of this Order.

21       Interrogatory No. 15 to Tilray:

22       Describe in detail the efforts you made to review the License Agreement prior to and in

23   connection with the Aphria Merger and identify all documents that refer to or evidence those

ORDER REGARDING DISCOVERY
PURSUANT TO UPDATED JOINT LCR 37
SUBMISSION - 5

1   efforts and all persons with knowledge of those efforts.

2   **Court's Ord**er:  Although Tilray identified persons with knowledge, it answered only:

3   "Aphia management reviewed the initial, amended, and superseding licenses prior to the Apria

4   Merger…". In its supplemental response, Tilray stated Apria management was the "ultimate

5   decision maker in entering the Second Amendment…".

6   Tilray has not sufficiently responded to this interrogatory, which asks for details of

7   efforts made to review the License Agreement.  Thus, Docklight's motion is GRANTED; Tilray

8   shall provide a full response to Interrogatory No. 15 within five (5) days of this Order.

9   <u>Interrogatory No. 17 to Tilray</u>:

10   Identify all efforts you made to ensure that your filings with the Securities and Exchange

11   Commission from 2018 onward did not include information the public disclosure of which

12   would violate High Park Holdings Ltd.'s obligations under Paragraph 15 of the Initial License

13   and/or Paragraph 15 of the Superseding License, identify all persons who were involved in

14   reviewing, approving, or submitting the filing of the License Agreement(s) with the SEC, and

15   identify all documents that evidence or refer to those processes.

16   **Court's Order**:  This interrogatory asks what "efforts" Tilray made to ensure its SEC

17   filings did not disclose confidential information." Tilray argued in the parties' Joint Submission

18   the Court should deny Docklight's motion because Tilray had "agreed to supplement [its]

19   response to this Interrogatory." Dkt. 33 at 31:29-33. In its supplemental response, Tilray

20   contends its filings did not breach any confidential obligation, however it fails to answer the

21   interrogatory as written. Tilray argues nothing more is required and Docklight is attempting to

22   invade the attorney-client privilege. But, whether Tilray sought or did not seek legal advice is not

23   covered by the attorney-client privilege. See, e.g., *Methode Elecs., Inc. v. Finisar Corp.*, 205

ORDER REGARDING DISCOVERY
PURSUANT TO UPDATED JOINT LCR 37
SUBMISSION - 6

1   F.R.D. 552, 556 (N.D. Cal. 2001). Docklight's motion is GRANTED; Tilray's privilege

2   objection is overruled and Tilray is ORDERED to provide a full response to Interrogatory No. 17

3   within five (5) days of this Order.

4          Interrogatory No. 18 to Tilray:

5          Identify all material facts supporting your allegation that the product de-listings in 2021

6   rendered the License Agreement "uneconomic" and "uneconomical," and identify all documents

7   that refer to or evidence those facts and all persons with knowledge of those facts. Your response

8   should include, without limitation, an explanation of: (1) what you projected the revenues and

9   costs of performance would be under the First Amended Superseding License at the time it was

10  executed and under the Second Amended Superseding License at the time it was executed; and

11  (2) what the actual revenues and costs of performance were after the First Amended Superseding

12  License was entered, through the date of Docklight's termination of the License.

13         **Court's Order**:  The interrogatory asks for a comparison between what Old Tilray and

14  Aphria expected revenues/costs to be (prior to the times they agreed to the GMR in the First

15  Amendment and subsequently confirmed that agreement in the Second Amendment), and what

16  revenues/costs actually were. The information is relevant because Defendants claim the GMR to

17  which they agreed in the amendments later became "uneconomic" in light of falling revenues

18  after product de-listings. In response, Tilray provided information about actual sales in 2020 and

19  2021, which it views as the relevant information to determine whether the GMR from that period

20  could be justified as the arms-length value of the License. Further, Tilray states "it is not aware

21  at this time of any projected revenues and costs of performance that would be responsive to this

22  interrogatory. Tilray represents it will supplement this response to identify the "publicly

23  available sources referenced in its response and will continue to supplement as needed as

ORDER REGARDING DISCOVERY
PURSUANT TO UPDATED JOINT LCR 37
SUBMISSION - 7

1   discovery continues…".  Thus, Docklight's motion is GRANTED; Tilray is ORDERED to

2   provide the publicly available sources referred to in its response within five (5) days of this

3   Order.

4                        **III.  INTERROGATORIES TO HIGH PARK**

5        Interrogatory No. 4 to High Park:

6        Please state all material facts that you believe justify or excuse your failure to make the

7   Guaranteed Minimum Royalty installment payments scheduled for payment on October 1, 2021

8   and January 1, 2022, respectively, and identify all documents evidencing or referring to those

9   facts and all persons with knowledge of those facts.

10        **Court's Order**:  In its response, High Park states"[s]ince mid-2021, Tilray's new

11   management repeatedly informed Docklight that the GMR is not economic" and that "Jim

12   Meiers spoke with Docklight on several occasions about these concerns." However, High Park

13   provides no facts to support these vague references. In all other respects, High Park has

14   adequately responded to this interrogatory. Accordingly, Docklight's motion to compel is

15   GRANTED in part. High Park is ORDERED to state the date and circumstances of the occasions

16   when it informed Docklight that the GMR is not economic and identify all documents related to

17   those occasions. If High Park does not know the dates and circumstances of these occasions, it

18   shall so state. High Park shall provide its supplemental answer to Interrogatory No. 4 within five

19   (5) days of this Order.

20        Interrogatory No. 5 to High Park:

21        Do you admit that you were you contractually obligated under Paragraph 8.3 of the

22   Superseding License to provide Docklight, Inc. with monthly sales statements for July, August,

23   September, and/or October 2021 in response to Docklight's request for those statements on or

ORDER REGARDING DISCOVERY
PURSUANT TO UPDATED JOINT LCR 37
SUBMISSION - 8

about October 21, 2021? If your answer is no, please state all material facts that support that denial, identify all persons with knowledge of those facts, and identify all documents evidencing or referring to those facts. If your answer is yes, explain in detail what, if anything, you did in response to Docklight's request to fulfill that obligation, and identify all persons with knowledge of your response to the request and all documents that refer to or evidence them.

**Court's Order:**  The Court finds High Park's response and supplemental response to Interrogatory No. 5 are sufficient subject to its duty to supplement as discovery progresses. Docklight seeks additional detail which was not stated in the interrogatory and which may more appropriately be addressed in further discovery including deposition discovery. Accordingly, Docklight's motion is DENIED as to Interrogatory No. 5.

Interrogatory No. 6 to High Park:

Do you admit that you were contractually obligated under Paragraph 8.6 and/or 6.2 of the Superseding License to allow Docklight to examine and copy books and other records related to the Licensed Products in response to Docklight's October 27, 2021 request? If your answer is no, please state all material facts that support that denial, identify all persons with knowledge of those facts, and identify all documents evidencing or referring to those facts. If your answer is yes, explain in detail what, if anything, you did to respond to Docklight's request for such an examination, and identify all persons with knowledge of your response to the request and all documents that refer to or evidence them.

**Court's Order:**  The Court finds High Park's response and supplemental response to Interrogatory No. 6 are sufficient subject to its duty to supplement as discovery progresses. Docklight seeks additional detail which was not stated in the interrogatory and which may more appropriately be addressed in further discovery including deposition discovery. Accordingly,

1  Docklight's motion is DENIED as to Interrogatory No. 6.

2      Interrogatory No. 7 to High Park:

3      Identify all material facts the support your allegations at paragraphs 30 and 40 of your

4  Counterclaims that, prior to the parties' execution of the First Amended Superseding License and

5  prior to the parties' execution of the Second Amended Superseding License, Docklight was

6  aware that certain of the Licensed Products would be de-listed, and identify all documents

7  referring to or evidencing those facts and all persons with knowledge of those facts.

8      **Court's Order:**  In response to this interrogatory, High Park identified a November 1,

9  2020 email to Brendan Kennedy as to one de-listing and stated that for the period of time from

10  November 1, 2020 through the end of March 2021, Kennedy was regularly sent weekly net

11  revenue reports detailing sales and shipment data for Marley products. Because Kennedy is a

12  significant investor and owner of Docklight and close friends with Docklight officers, High Park

13  infers Docklight was aware that products would be delisted before entering into the First and

14  Second Amendments. Although Docklight does not believe that the weekly net revenue reports

15  include de-listing information and seeks High Park's evidentiary basis for alleging Docklight had

16  this knowledge in late 2020 and early 2021, High Park states that it has "provided the responsive

17  information of which it is aware at this stage."

18      Based on High Park's representation that it has no further information and subject to its

19  continuing obligation to supplement its discovery responses, the Court DENIES Docklight's

20  motion to compel as to Interrogatory No. 7.

21      Interrogatory No. 8 to High Park:

22      Identify the date on which and the manner in which you first became aware of the

23  product de-listings to which you refer in paragraphs 30 and 40 of your Counterclaims, and

ORDER REGARDING DISCOVERY
PURSUANT TO UPDATED JOINT LCR 37
SUBMISSION - 10

1   identify all persons with knowledge of this date and manner and all documents that refer to or

2   evidence your first becoming aware of these de-listings.

3       **Court's Order**: The Court finds High Park has sufficiently responded to this

4   interrogatory and Docklight's request for further elucidation may be more appropriately

5   addressed in subsequent discovery including deposition discovery. Docklight's motion to compel

6   as to Interrogatory No. 8 is DENIED.

7       <u>Interrogatory No. 10 to High Park</u>:

8       Do you contend that you relied on Docklight for accurate information regarding future

9   product de-listings at the time High Park entered the First Amended Superseding License, at the

10  time it entered the Second Amended Superseding License, and/or at any other time? If so, please

11  identify material all facts that support that contention, all documents that refer to or evidence

12  those facts, and all persons with knowledge of those facts.

13      **Court's Order:**  The information sought in this interrogatory remains relevant despite

14  the Court's recommendation Defendants' counterclaims for fraud and misrepresentation be

15  dismissed. According to Docklight, Defendants have stated an intention to argue that the product

16  de-listings nullified their contractual obligations to pay the GMR. However, the Court finds High

17  Park sufficiently responded to this interrogatory by identifying the telephone call on April 1,

18  2021 and the individuals participating in the telephone call as the basis for its "reliance on

19  Docklight for accurate information." Docklight's concern about High Park's statement that it did

20  not rely "solely on Docklight for accurate information" may more properly be addressed by

21  further discovery including deposition discovery. Docklight's motion to compel as to

22  Interrogatory No. 10 is DENIED.

23

ORDER REGARDING DISCOVERY
PURSUANT TO UPDATED JOINT LCR 37
SUBMISSION - 11

Interrogatory No. 11 to High Park:

If your response to Interrogatory No. 10 is yes, do you contend that this reliance was reasonable? If so, please identify all material facts that support that contention, all documents that refer to or evidence those facts, and all persons with knowledge of those facts.

**Court's Order**:  Docklight objects to High Park's response that the reliance by then-Aphria management (later Tilray management) on Docklight for accurate information regarding the products and revenues was reasonable and argues that High Park must supplement this response as to High Park's reliance. Docklight's motion to compel is GRANTED; High Park is ORDERED to respond to Interrogatory No. 11 as to High Park within five (5) days of the date of this Order.

Interrogatory No. 12 to High Park:

If your response to Interrogatory No. 10 is yes, do you contend that Docklight had a duty to disclose to you information it allegedly had pertaining to future product de-listings at the time you entered the First Amended Superseding License, at the time you entered the Second Amended Superseding License, and/or at any other time? If so, please identify all material facts that support that contention, all documents that refer to or evidence those facts, and all persons with knowledge of those facts.

**Court's Order:**  High Park responded to this interrogatory stating "Docklight had a duty to disclose to then-Apria management (later Tilray management)" but provided no response as to High Park. Docklight's motion to compel is GRANTED; High Park is ORDERED to respond to Interrogatory No. 12 as to High Park within five (5) days of the date of this Order.

## IV.  ATTORNEY'S FEES

The parties have filed competing requests for attorney's fees. As the joint submission has

ORDER REGARDING DISCOVERY
PURSUANT TO UPDATED JOINT LCR 37
SUBMISSION - 12

1  been granted in part and denied in part, the Court declines to award attorney fees at this time.

2       DATED this 27th day of June, 2022.

3

4       _____
        BRIAN A. TSUCHIDA
5       United States Magistrate Judge