UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DOCKLIGHT BRANDS INC,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>TILRAY INC. and HIGH PARK HOLDINGS LTD,<br><br>　　　　　　　Defendants. | CASE NO. 2:21-cv-01692-TL<br><br>**ORDER GRANTING MOTION TO FILE PARTIAL SUMMARY JUDGMENT MOTION AND DENYING WITHOUT PREJUDICE MOTION TO FILE SUBSEQUENT MOTION** |

Plaintiff Docklight Brands, Inc. ("Docklight") moves for leave to file a partial summary judgment motion to establish Defendants' liability and minimum measure of damages without prejudice to its ability to file a subsequent motion later in the case. Dkt. 49. Defendants Tilray Inc. and High Park Holdings Ltd. ("Defendants") oppose the motion and request oral argument. Dkt. 52.

The Court has determined that the motion can be decided on the papers, rendering argument unnecessary. *See* LCR 7(b)(4) ("Unless otherwise ordered by the court, all motions will be decided by the court without oral argument.") Having carefully reviewed the papers and balance of the record, the Court grants the motion.

**BACKGROUND**

On March 22, 2022, Docklight filed a motion to dismiss Defendants' counterclaims, affirmative defenses, and portions of Defendants' Answer. Dkt. 18.

ORDER GRANTING MOTION TO FILE PARTIAL SUMMARY JUDGMENT MOTION AND DENYING WITHOUT PREJUDICE MOTION TO FILE SUBSEQUENT MOTION - 1

On April 1, 2022, the parties submitted a Combined Joint Status Report and Discovery Plan, in which Docklight stated its plan to file an early partial summary judgment motion. Dkt. 22. According to Docklight, the partial summary judgment motion would: (1) resolve the issue of liability by disposing of any of Defendants' surviving counterclaims and defenses; and (2) to a large extent resolve the issue of Docklight's damages by establishing its entitlement, at a minimum, to the Guaranteed Minimum Royalty ("GMR") payments that Defendants ceased making in October 2021. *Id*. at 5-6. Docklight further explained that an early settlement of this matter would be greatly facilitated by such a motion. *Id*.

On April 11, 2022, the Court stayed issuance of a pretrial scheduling order pending full adjudication of Docklight's pending motion to dismiss. Dkt. 24. The Court noted the parties' acknowledgement that a ruling on the pending motion could substantially affect the scope of discovery and Plaintiff's plan to file a partial motion for summary judgment thereafter. *Id.*

On May 27, 2022, the undersigned issued a Report and Recommendation on Docklight's motion to dismiss ("R&R"), recommending dismissal of four of Defendants' counterclaims (with prejudice) and eight affirmative defenses (six with prejudice and two with leave to amend). Dkt. 40 at 39. Specifically, the undersigned recommended denial of the motion to dismiss as to Defendants' counterclaims for breach of good faith and fair dealing, breach of contract, and anticipatory breach. *Id.* As to these latter claims, the undersigned concluded that Defendants had plausibly alleged that Docklight breached the Right of First Refusal ("ROFO") and royalty rate review provisions in the License Agreement and had plausibly alleged the affirmative defense of breach of the implied covenant. *Id.* at 27. Finally, the undersigned recommended dismissal of

ORDER GRANTING MOTION TO FILE
PARTIAL SUMMARY JUDGMENT MOTION
AND DENYING WITHOUT PREJUDICE
MOTION TO FILE SUBSEQUENT MOTION - 2

1   Defendants' affirmative defenses for failure to state a claim and prior material breach with leave
2   to amend. *Id.* at 39.
3     Defendants filed no objections to the R&R. On July 21, 2022, District Judge Tana Lynn
4   adopted the R&R. Dkt. 54. The Court dismissed Defendants' First, Second, Third, and Fourth
5   Counterclaims (fraud, fraudulent inducement, unjust enrichment, and rescission) and
6   Defendants' Second, Third, Fourth, Fifth, Seventh, and Eighth Affirmative Defenses. The Court
7   also dismissed Defendants' First and Sixth Affirmative Defenses, with leave to amend. *Id.*
8     The Court denied Docklight's motion to dismiss as to Defendants' Counterclaims for the
9   breach of good faith and fair dealing, breach of contract, and anticipatory breach (Fifth and Sixth
10   Counterclaims) and denied Docklight's motion to strike portions of Defendants' answer. *Id.*
11     Although no deadlines regarding discovery have been set by the Court, the parties
12   acknowledge that they have been diligently pursuing discovery. Defendants have served 54
13   documents requests and 10 interrogatories, seeking discovery of documents relating to the TPB
14   investment (relating to the ROFO claim), whether the Guaranteed Minimum Royalty ("GMR")
15   reflected an arms-length negotiation, and any alleged misrepresentations by Defendants. Dkt. 52,
16   pp. 8-9. According to Defendants, Docklight has produced only 236 documents and is standing
17   on its objections to 14 of those document requests or interrogatories, which may require further
18   motions practice. According to Plaintiff, Defendants waited seven weeks after receiving
19   Docklight's discovery responses before raising any concerns about them and took an additional
20   six weeks just to send a "confirming letter" after the parties met and conferred. Dkt. 56, Brown
21   Decl., ¶¶ 2 - 8. To date, Defendants have produced only 1 document. *Id.*, ¶ 9.
22
23

ORDER GRANTING MOTION TO FILE
PARTIAL SUMMARY JUDGMENT MOTION
AND DENYING WITHOUT PREJUDICE
MOTION TO FILE SUBSEQUENT MOTION - 3

The parties are also engaged in ongoing discussions regarding search terms, custodians, and protocol to be used for ESI discovery. Dkt. 52, p, 9.

In its proposed motion for partial summary judgment, Docklight will pursue its breach of contract claims only. Docklight will file a stipulated dismissal of its negligent misrepresentation claim (against Defendant Tilray) on July 25, 2022. Dkt. 55 at 5, n.5.

**DISCUSSION**

A.   <u>Early SJ Motion</u>

"Generally, summary judgment is inappropriate before the parties have had an opportunity for discovery." *Sowa v. Ring & Pinion Serv. Inc.*, 2021 WL 6334930, * 2 (W.D. Wash. Sept. 9, 2021) (citing *Garrett v. City and County of San* Francisco, 818 F.2d 1515, 1519, n.4 (9th Cir. 1987)), *report & recommendation adopted*, 2022 WL 73879 (W.D. Wash. Jan. 7, 2022)). However, there is no prohibition on moving for summary judgment during discovery. Fed. R. Civ. P. 56(d) ("[A] party may file a motion for summary judgment at any time until 30 days after the close of all discovery."). Indeed, the fact that discovery "has not begun [] need not defeat a motion for summary judgment." *Waterloo Furniture Components, Ltd. v. Haworth, Inc.*, 467 F.3d 641, 648 (7th Cir. 2006) (quotations omitted) (emphasis added). This is because "early motions for summary judgment . . . can promote efficiency by narrowing issues in advance of trial." *Van Slyke v. Capital*, 2007 WL 2385108, at *4 (N.D. Cal. Aug. 7, 2007); *see also Searcy v. Anderson Erickson Dairy Co.*, 2017 WL 11180255, at *7 (N.D. Iowa Oct. 12, 2017) (ordering early summary judgment motion on one of the plaintiff's five claims because "[i]t would be efficient to address this issue early").

ORDER GRANTING MOTION TO FILE PARTIAL SUMMARY JUDGMENT MOTION AND DENYING WITHOUT PREJUDICE MOTION TO FILE SUBSEQUENT MOTION - 4

As previously noted, the Court stayed issuance of a pretrial scheduling order pending full adjudication of Docklight's motion to dismiss because the motion could, and in fact did, substantially affect the scope of claims and discovery. The Court also noted at that time that Plaintiff planned to file a partial motion for summary judgment. Dkt. 24. It is within this Court's discretion to enter a scheduling order permitting Docklight to move for partial summary judgment now without prejudice to its right to move later, on other issues, if necessary. *See Microsoft Corp. v. Ram Distribution, LLC*, 2009 WL 415712, at *1 (E.D. Wis. Feb. 13, 2009) (finding that "allowing a successive summary judgment motion in this case is appropriate" and observing that "district courts are in the best position to make decisions concerning their own case management and judicial resources").

Here, the proposed partial summary judgment motion may resolve Defendants' claims that the GMR was "uneconomic" and not negotiated at arm's length and that Docklight breached Section 8.8 of the License by terminating it before the deadline to conduct an annual review of "royalty rates." Docklight contends that its partial summary judgment motion will demonstrate that: (1) by its express terms and as a matter of law, Section 8.8 did not apply to the GMR; (2) any obligation Docklight would have had in early 2022 was discharged before the obligation arose, by Defendants' undisputed refusal to pay any money to Docklight after July 2021; and (3) Defendants' admitted refusal to provide sales data as required by Section 8.5 of the License prevented Docklight from performing any meaningful review.[1]

---

[1] Docklight's contemplated partial summary judgment motion will leave some issues unresolved, *i.e.*, (1) whether and to what extent Docklight is entitled to more than the GMR as the measure of damages; and (2) whether and to what extent Defendants will have a mitigation of damages defense.

ORDER GRANTING MOTION TO FILE
PARTIAL SUMMARY JUDGMENT MOTION
AND DENYING WITHOUT PREJUDICE
MOTION TO FILE SUBSEQUENT MOTION -
5

Docklight contends that no additional discovery is necessary for the adjudication of these issues while Defendants contend more discovery is necessary. However, a need for more discovery is an argument to be made under Rule 56(d) in response to Docklight's motion for partial summary judgment, once Defendants and this Court understand the legal and evidentiary grounds on which the motion relies. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) ("Any potential problem with [] premature [summary judgment] motions can be adequately dealt with under Rule 56[d], which allows a summary judgment to be denied, or the hearing on the motion to be continued, if the nonmoving party has not had an opportunity to make full discovery.")

For these reasons, the Court **grants** Plaintiff's motion to file an early partial summary judgment.

B.  Successive SJ Motion

District courts in the Ninth Circuit have discretion to permit successive motions for summary judgment. *Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010). "[A]llowing a party to file a second motion for summary judgment is logical, and it fosters the 'just, speedy, and inexpensive' resolution of suits." *Id*. at 911 (quoting Fed. R. Civ. P. 1); *id*. at 912 ("Allowing a successive summary judgment motion potentially can save all concerned the far greater expenses of a trial.").

When considering whether to permit a successive motion for summary judgment, some courts in this Circuit have considered the following factors: "(1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) the need to correct a clear error or prevent manifest injustice." *See Kische USA LLC v. Simsek*, No.

C16-0168JLR, 2017 WL 5881322, at *3 (W.D. Wash. Nov. 29, 2017) (citations and internal punctuation omitted); *see also Brazill v. Cal. Northstate Coll. of Pharm., LLC*, No. CIV. 2:12-1218 WBS GGH, 2013 WL 4500667, at *1 (E.D. Cal. Aug. 22, 2013) (citing *Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir. 1995)).

Defendants argue that Docklight should have one and only one opportunity to move for summary judgment or at a minimum, the Court should defer ruling on the issue of a second motion until after it has decided Docklight's initial motion. Here, the danger of a successive abusive motion is not present as Docklight seeks to file a partial summary judgment motion on its contractual claims only and the parties acknowledge that some issues will require adjudication thereafter.

At this juncture, however, the Court is unable to determine if a second summary judgment motion will conserve judicial resources and perhaps obviate the need for trial. Therefore, the Court shall make that determination on the filing of any second summary judgment motion. Accordingly, Docklight's motion for a leave to file a second summary judgment motion is denied without prejudice.

DATED this 26th day of July, 2022.

_____
BRIAN A. TSUCHIDA
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING MOTION TO FILE
PARTIAL SUMMARY JUDGMENT MOTION
AND DENYING WITHOUT PREJUDICE
MOTION TO FILE SUBSEQUENT MOTION - 7