THE HONORABLE TANA LIN

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| DOCKLIGHT BRANDS, INC., | Case No. 2:21−CV−01692−TL-BAT |
| Plaintiff-Counterclaim Defendant, | |
| v. | **DECLARATION OF TODD BEATTIE IN SUPPORT OF HIGH PARK HOLDINGS, LTD. AND TILRAY BRANDS, INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| TILRAY, INC. and HIGH PARK HOLDINGS, LTD., | |
| Defendants-Counterclaimants. | |

I, Todd Beattie, hereby state as follows:

1. I am an associate with the law firm Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Defendants Tilray Brands, Inc. and High Park Holdings, Ltd. in the above-captioned action. I submit this declaration in support of Defendants' Response to Plaintiff's Motion for Partial Summary Judgment. I have personal knowledge of the matters set forth in this declaration based upon my involvement in this case and a review of the file.

2. As detailed further below, Defendants have diligently pursued discovery in this case, including by issuing 10 interrogatories to Docklight, making 57 requests for production to Docklight, and issuing subpoenas to two key third parties: Marley Green LLC ("Marley Green")

DECLARATION OF TODD BEATTIE
CASE NO. 2:21−CV−01692−TL-BAT
1
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101-2961
Telephone: (206) 905-7000 Fax: (206) 905-7100

and Turning Point Brands, Inc. ("TPB"). A true and correct copy of Defendants' First Set of Requests for Production of Documents to Docklight is attached hereto as **Exhibit 1**. A true and correct copy of Defendants' Second Set of Requests for Production of Documents to Docklight is attached hereto as **Exhibit 2**. As detailed further below, the parties' negotiations regarding the ESI search terms and responsive document productions are ongoing. A true and correct copy of Defendants' subpoena to TPB is attached hereto as **Exhibit 3**. A true and correct copy of Defendants' subpoena to Marley Green is attached hereto as **Exhibit 4**.

3. Additionally, only a single, third-party deposition has been taken (by Docklight, of Tilray's ex-general counsel). Once Docklight, Marley Green, and TPB conclude their document productions, Defendants intend to take depositions of several key individuals, including but not limited to: Docklight CEO Damian Marano; Docklight Vice President of Corporate Development and Legal Affairs Patrick Moen; former High Park and Tilray employees who were involved in negotiating the License with Docklight; the Marley Green employees and/or a corporate designee responsible for Marley Green's relationship with Docklight; and the TPB employees and/or a corporate designee responsible for the Docklight relationship.

4. Further, the pleadings are not yet settled: After filing its Motion for Partial Summary Judgment on November 3, 2022, counsel for Docklight requested that Defendants consent to Docklight filing a further amended complaint, which will remove certain allegations, add allegations that Defendants were alter egos of one another, and remove Docklight's cause of action against Tilray for Negligent Misrepresentation (which Docklight had dismissed earlier in the litigation). On November 28, 2022 Defendants consented to Docklight's request to seek leave to file its Second Amended Complaint, and the parties are in the process of preparing a stipulated motion to be filed with the Court to that effect. If the Court grants the stipulated motion, Defendants will subsequently have the opportunity to respond to the Second Amended Complaint with their affirmative defenses and counterclaim allegations.

### Docklight's Breach Of The ROFO

5. Defendants have sought from Docklight numerous categories of documents

DECLARATION OF TODD BEATTIE
CASE NO. 2:21-CV-01692-TL-BAT

2

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101-2961
Telephone: (206) 905-7000 Fax: (206) 905-7100

related to Docklight's relationship with TPB:

- Request for Production No. 25: "All Documents relating to actual or potential investment or other business relationship between Docklight and Turning Point Brands."  Ex. 1 at 11.

- Request for Production No. 47: "All Documents related to the negotiation of Turning Point Brand's investment in and/or business partnership with Docklight, including term sheets."  Ex. 2 at 7.

- Request for Production No. 48: "All agreements, including Draft agreements, between Docklight and Turning Point Brands related to marketing, advertisement, promotion, distribution, or sale of Marley-branded products."  Ex. 2 at 7.

- Request for Production No. 49: "All documents related to Turning Point Brand's efforts to market, advertise, promote, distribute, or sell Markley-branded products."  Ex. 2 at 7.

6.  While Docklight has represented that it prioritized the production of these documents such that its production of documents responsive to these requests should be substantially complete, the parties are still negotiating ESI search terms for review and production which could result in the production of additional responsive documents.

7.  Meanwhile, on August 30, 2022, Defendants served a document and deposition subpoena on TPB seeking documents and communications concerning TPB's contemplated, potential or actual rights with respect to Marley-branded products in Canada, and seeking deposition testimony regarding TPB's decision to do business with Docklight, the negotiation of its agreement with Docklight and the terms and conditions of the agreement, payments by TPB to Docklight pursuant to the agreement, and revenues for the sale of Marley-branded products in Canada, among other topics.  Ex. 3.  Defendants have met and conferred with TPB on at least four occasions and are continuing to seek documents from TPB concerning among other things, TPB's contemplated, potential, and/or actual rights with respect to Marley-branded products in Canada.  To date, TPB has produced only eight documents, forcing Defendants to move to

DECLARATION OF TODD BEATTIE
CASE NO. 2:21−CV−01692−TL-BAT

3

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101-2961
Telephone: (206) 905-7000 Fax: (206) 905-7100

1. compel TPB's compliance with the subpoena. Dkt. 98.

8. Because document productions from both Docklight and TPB are ongoing, Defendants have not yet had the opportunity to depose any Docklight employees nor any TPB representatives regarding their negotiations or Docklight's decision not to apprise High Park of such negotiations, nor have Defendants deposed any additional third-party former employees of pre-merger High Park or Tilray, who may have had involvement in the negotiations around the License and/or the ROFO specifically.

9. Docklight's Motion highlights the need for further discovery. Docklight's CEO, Damian Marano, admits in his declaration in support of Docklight's Motion that "[d]uring [his] discussions with TPB [between February and May 2021], the parties [Docklight and TPB] discussed including Canadian rights in the license agreement." Dkt. 91 ¶ 3 (emphasis added). Docklight therefore breached the ROFO by engaging in such discussions during the 90-day exclusivity period and by failing to keep High Park apprised of such discussions. Yet Defendants have not had the opportunity to depose Mr. Marano or the TPB employees involved in the discussions with Docklight so as to understand the full scope and nature of Docklight's breach.

10. Additional discovery, including depositions of Docklight, TPB, and any relevant third-party former employees of High Park or Tilray is important to analyze: (i) the materiality in the Parties' negotiations of the contractual term obligating Docklight to keep High Park apprised of Docklight's efforts to license the Marley brand on CBD in Canada; (ii) when Docklight's and TPB's negotiations regarding licensing the Licensed Property in connection with Other Cannabis Products in Canada began and ended; (iii) what terms Docklight and TPB discussed with respect to such licensing; (iv) whether Docklight acted in bad faith in structuring its negotiations or agreements with TPB in an attempt to avoid triggering High Park's rights under Section 1.6(f); (v) why Docklight and TPB ultimately decided against including Canadian rights in their final agreement, as Mr. Marano states in his declaration (Dkt. 91 ¶ 3); and (vi) why Docklight chose not to notify incoming Tilray management that it was engaging in discussions with a potential strategic partner involving the Marley brand until after High Park had signed the

DECLARATION OF TODD BEATTIE
CASE NO. 2:21-CV-01692-TL-BAT

4

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101-2961
Telephone: (206) 905-7000 Fax: (206) 905-7100

Second Amendment to the License.

**Docklight's Breach Of Section 8.8**

11.     Regarding Docklight's breach of Section 8.8 of the License, Defendants issued Requests for Production Nos. 11, 30, 32, and 53, each of which directly relates to Docklight's Motion. Under these requests, Defendants sought production of:

- Request for Production No. 11: "All Documents related to any royalties set forth in the High Park License Agreement and amendments thereto, including any analyses, memoranda, presentations, or studies addressing whether the GMR set forth therein was justified or economical in light of expected sales of Licensed Products." Ex. 1 at 9.

- Request for Production No. 30: "All Documents relating to 2018, 2019, 2020, or 2021 year-end reviews of the royalty rates." Ex. 1 at 11.

- Request for Production No. 32: "All memoranda, presentations, and/or analyses related to the sales, revenue, and/or profit associated with the Licensed Products." Ex. 1 at 12.

- Request for Production No. 53: "All Documents related to efforts undertaken by Docklight to determine whether the rates of royalty under the High Park License, including the GMR, 'continue[d] to reflect the arm's-length value of the rights granted to [High Park] under the terms of [the High Park License]' within the meaning of Section 8.8 of the High Park License." Ex. 2 at 8.

12.     Docklight has not yet produced documents in response to most of these requests. These requests are important to assessing, for example: (i) whether Docklight took steps expressing as early as July 2021 that it did *not* intend to review the GMR in good faith to assess whether it reflected the arm's-length value of the License, and if so what those actions were; (ii) whether Docklight's request for net sales data in October 2021 was made and/or was necessary for purposes of preparing for a Royalty Review under Section 8.8; (iii) whether the GMR reflected an arm's-length value in the period following the Aphria merger; (iv) whether

DECLARATION OF TODD BEATTIE
CASE NO. 2:21−CV−01692−TL-BAT

5

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101-2961
Telephone: (206) 905-7000 Fax: (206) 905-7100

1  Docklight had any intention up until its termination of the License on February 9, 2022 of
2  conducting a Royalty Review under Section 8.8; and (v) Docklight's motive for declining to
3  conduct a Royalty Review under Section 8.8.

4      13.     In addition, because document productions from Docklight are ongoing,
5  Defendants have not yet had the opportunity to depose any Docklight employees regarding the
6  aforementioned issues.

7      14.     Docklight's Motion highlights the need for further discovery. Docklight's Motion
8  argues that High Park prevented Docklight from analyzing the value of the License by refusing
9  to provide requested sales data. And Mr. Moen states in his declaration in support of Docklight's
10 Motion that "Docklight never received *any* of the requested [sales data]" until it was produced in
11 discovery in this action. Dkt. 93 ¶ 6 (emphasis in original). But attached as **Exhibit 5** is a true
12 and correct copy of a July 7, 2021 email from High Park to Damian Marano attaching sales data
13 for April, May, and June 2021, produced by Docklight and bearing Bates number DOCK001577.
14 And attached hereto as **Exhibit 6** is a July 25, 2021 email from High Park to Damian Marano,
15 Patrick Moen, and others attaching business review and monthly sales data from January 2020
16 through June 2021, produced by Docklight and bearing Bates number DOCK008266.
17 Defendants should be allowed the opportunity to depose Mr. Moen (and Mr. Marano) concerning
18 the discrepancies between the statements in Mr. Moen's declaration and the documents produced
19 in the litigation, and whether or not the sales data request sent in October 2021 was made in
20 furtherance of Docklight conducting a Royalty Review under Section 8.8, or would have been
21 essential for conducting such a Review.

22      15.     Further, on August 30, 2022, Defendants served a document and deposition
23 subpoena on Marley Green seeking among others documents and communications concerning
24 the negotiations of the 2016 license between Docklight and Marley Green (the "Marley
25 License"), payments made in connection with the Marley License, and information about
26 royalties, revenues, and profits for the sale of any Marley branded products in Canada and in the
27 United States, and testimony regarding these topics (among others). Ex. 4. This Court previously

DECLARATION OF TODD BEATTIE
CASE NO. 2:21−CV−01692−TL-BAT
6
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101-2961
Telephone: (206) 905-7000 Fax: (206) 905-7100

ruled that information concerning Docklight's performance of the Marley Green License was relevant to "[Defendants'] claim that the GMR was uneconomic based on the limited demand for Marley-branded products across Canada and beyond." Dkt. 83 at 7. To date, Marley Green has refused to provide any documents in response to the subpoena, and most recently Marley Green asked to postpone negotiations about the subpoena until after a decision has been made on Docklight's proposed amendment to its Complaint. Having now consented to the amendment, Defendants have resumed the meet-and-confer process, and Defendants have made clear to Marley Green that Docklight's proposed Second Amended Complaint does not obviate the need for any of the discovery Defendants have requested from Marley Green. Defendants have discussed with Marley Green the possibility of certain narrowing of the document subpoena to address burden concerns, and after these additional negotiations will consider whether there is a need to file a motion to compel Marley Green's compliance with the subpoena.

***

16. Attached hereto as **Exhibit 7** is a true and correct copy of Tilray's Initial Public Offering.

17. Attached hereto as **Exhibit 8** is a true and correct copy of a document produced by Docklight bearing Bates number DOCK026653.

18. Attached hereto as **Exhibit 9** is a true and correct copy of a document produced by Docklight bearing Bates numbers DOCK000831-916.

19. Attached hereto as **Exhibit 10** is a true and correct copy of a document produced by Docklight bearing Bates numbers DOCK000001-025.

20. Attached hereto as **Exhibit 11** is a true and correct copy of a document produced by Docklight bearing Bates numbers DOCK000030-079.

21. Attached hereto as **Exhibit 12** is a true and correct copy of a document produced by Docklight bearing Bates numbers DOCK000787-794.

22. Attached hereto as **Exhibit 13** is a true and correct copy of a document produced by Docklight bearing Bates numbers DOCK000110-130.

DECLARATION OF TODD BEATTIE
CASE NO. 2:21−CV−01692−TL-BAT

7

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101-2961
Telephone: (206) 905-7000 Fax: (206) 905-7100

23. Attached hereto as **Exhibit 14** is a true and correct copy of a document produced by Tilray bearing Bates numbers TILRAY_0007678-705.

24. Attached hereto as **Exhibit 15** is a true and correct copy of a document produced by Tilray bearing Bates numbers TILRAY_0007676-677.

25. Attached hereto as **Exhibit 16** is a true and correct copy of Docklight's Responses to Defendants' First Set of Interrogatories.

26. Attached hereto as **Exhibit 17** is a true and correct copy of a document produced by Docklight bearing Bates numbers DOCK032316-319.

27. Attached hereto as **Exhibit 18** is a true and correct copy of a document produced by Docklight bearing Bates numbers DOCK001219-227.

28. Attached hereto as **Exhibit 19** is a true and correct copy of Tilray and Aphria's Merger Announcement.

29. Attached hereto as **Exhibit 20** is a true and correct copy of a document produced by Docklight bearing Bates numbers DOCK028957-958.

30. Attached hereto as **Exhibit 21** is a true and correct copy of Tilray and Aphria's Merger Close Announcement.

31. Attached hereto as **Exhibit 22** is a true and correct copy of a document produced by Docklight bearing Bates number DOCK004868.

32. Attached hereto as **Exhibit 23** is a true and correct copy of a document produced by Docklight bearing Bates numbers DOCK005301-303.

33. Attached hereto as **Exhibit 24** is a true and correct copy of a document produced by Docklight bearing Bates numbers DOCK002673-675.

34. Attached hereto as **Exhibit 25** is a true and correct copy of a document produced by TPB bearing Bates numbers TPB_00000073-077.

35. Attached hereto as **Exhibit 26** is a true and correct copy of a document produced by Tilray bearing Bates numbers TILRAY_0002904-907.

36. Attached hereto as **Exhibit 27** is a true and correct copy of High Park's Responses

DECLARATION OF TODD BEATTIE
CASE NO. 2:21−CV−01692−TL-BAT

8

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101-2961
Telephone: (206) 905-7000 Fax: (206) 905-7100

and Objections to Docklight's First Set of Interrogatories and RFPs.

37. Attached hereto as **Exhibit 28** is a true and correct copy of a document produced by Docklight bearing Bates numbers DOCK030307-311.

38. Attached hereto as **Exhibit 29** is a true and correct copy of a document produced by Docklight bearing Bates numbers DOCK030318-319.

39. Attached hereto as **Exhibit 30** is a true and correct copy of a document produced by Tilray bearing Bates numbers TILRAY_0001526-546.

40. Attached hereto as **Exhibit 31** is a true and correct copy of a document produced by Tilray bearing Bates numbers TILRAY_0001806-817.

41. Attached hereto as **Exhibit 32** is a true and correct copy of High Park's Second Amended and Supplemental Responses and Objections to Docklight's First Set of Interrogatories.

42. Attached hereto as **Exhibit 33** is a true and correct copy of a document produced by Tilray bearing Bates number TILRAY_0002934.

43. Attached hereto as **Exhibit 34** is a true and correct copy of a document produced by Docklight bearing Bates numbers DOCK001698-701.

44. Attached hereto as **Exhibit 35** is a true and correct copy of a document produced by Docklight bearing Bates number DOCK031375.

45. Attached hereto as **Exhibit 36** is a true and correct copy of a document produced by Docklight bearing Bates numbers DOCK001694-697.

46. Attached hereto as **Exhibit 37** is a true and correct copy of a document produced by Docklight bearing Bates numbers DOCK001722-726.

47. Attached hereto as **Exhibit 38** is a true and correct copy of a document produced by Docklight bearing Bates numbers DOCK001727-729.

48. Attached hereto as **Exhibit 39** is a true and correct copy of an email dated November 5, 2021 from M. Brown to R. Epstein, et al.

49. Attached hereto as **Exhibit 40** is a true and correct copy of an email dated

DECLARATION OF TODD BEATTIE
CASE NO. 2:21−CV−01692−TL-BAT

9

QUINN EMANUEL URQUHART & SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101-2961
Telephone: (206) 905-7000 Fax: (206) 905-7100

November 8, 2011 from M. Brown to R. Epstein.

50. Attached hereto as **Exhibit 41** is a true and correct copy of an email dated November 17, 2021 from M. Brown to R. Epstein.

51. Attached hereto as **Exhibit 42** is a true and correct copy of Tilray's Responses and Objections to Docklight's Fourth Set of Interrogatories and Requests for Production.

52. Attached hereto as **Exhibit 43** is a true and correct copy of a document produced by Docklight bearing Bates number DOCK030194.

53. Attached hereto as **Exhibit 44** is a true and correct copy of a document produced by Docklight bearing Bates numbers DOCK001589-591.

54. Attached hereto as **Exhibit 45** is a true and correct copy of an email dated March 22, 2022 from A. Cobb to M. Brown, et al.

55. Attached hereto as **Exhibit 46** is a true and correct copy of an email dated July 7, 2022 from M. Roznovak to M. Brown, et al.

56. Attached hereto as **Exhibit 47** is a true and correct copy of a letter dated February 9, 2022 from M. Brown to R. Epstein, et al.

57. Attached hereto as **Exhibit 48** is a true and correct copy of an email dated November 28, 2022 from J. Savitt to M. Brown, et al.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this December 6, 2022 at New York, New York.

*/s/ Todd Beattie*
Todd Beattie

DECLARATION OF TODD BEATTIE
CASE NO. 2:21−CV−01692−TL-BAT

10

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101-2961
Telephone: (206) 905-7000 Fax: (206) 905-7100

**CERTIFICATE OF SERVICE**

I hereby certify that on December 6, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

DATED: December 6, 2022

/s/ Alicia Cobb
Alicia Cobb

DECLARATION OF TODD BEATTIE
CASE NO. 2:21−CV−01692−TL-BAT

11

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
1109 First Avenue, Suite 210
Seattle, Washington 98101-2961
Telephone: (206) 905-7000 Fax: (206) 905-7100