UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DOCKLIGHT BRANDS INC,

          Plaintiff,

  v.

TILRAY INC. and HIGH PARK HOLDINGS LTD,

          Defendants.

CASE NO. 2:21-cv-01692-TL

**ORDER GRANTING DEFENDANTS' MOTION TO AMEND SCHEDULING ORDER**

Defendants Tilray Brands, Inc. ("Tilray") and High Park Holdings Ltd. ("High Park"), (collectively "Defendants") request a six-month extension of the current trial date (February 5, 2024) and related pretrial deadlines, based on new claims and damages asserted in Plaintiff's Third Amended Complaint (Dkt. 163). Dkt. 171. Plaintiff Docklight Brands, Inc. ("Docklight") opposes an extension of the trial date but is not opposed to a one-month extension of the discovery deadline. Dkt. 181. The Court grants Defendants' motion.

BACKGROUND

On May 1, 2023, Docklight moved to file a Third Amended Complaint to assert new allegations and new damages based on the Marley Estate's termination of the "license agreement under which Docklight held the rights to the Marley brand that it licensed to Defendants in Canada and to other sublicensees in the 'U.S. and globally.'" Dkt. 152; see Dkt. 163 (Third Amended Compl.) ¶ 4.23. Defendants opposed the amendment for several reasons, including the

ORDER GRANTING DEFENDANTS'
MOTION TO AMEND SCHEDULING
ORDER - 1

necessity of continuing the trial date to allow for additional discovery. Dkt. 155 at 4, 14. On May 26, 2023, the Court found there was sufficient time for the parties to complete discovery, declined to extend the February 2024 trial date, which was nine months away, and granted Docklight's motion to amend its complaint. Dkt. 162 at 10.

On June 20, 2023, Docklight filed its Supplemental Initial Disclosures identifying eight additional sublicensees and describing its new damage claim for its loss of rights to the Marley Brand in the amount of $125 million – which is in addition to its original claims of approximately $15 million for failure to pay GMR and failure to commercialize licensed property, and attorney's fees and costs. Dkt. 172, Gazzola Decl., Ex. A at 3 (Docklight's Revised Initial Disclosure).

Discovery was to be completed by July 10, 2023, and the dispositive motion deadline is set for October 6, 2023. Dkts. 146 and 148.[1] Docklight proposes a new discovery deadline of October 6, 2023 – the current deadline for the filing of summary judgment motions. Docklight also represents its production in response to the pre-amendment discovery is nearly complete and that it will substantially complete its promised production in response to new discovery by August 5, 2023. Dkt. 182, Brown Decl., ¶ 2 & Ex. A. Defendants argue this does not allow sufficient time to complete discovery in advance of summary judgment because Docklight's amendment expands the relevant scope of discovery from Canada-only to worldwide, and from analysis of one sublicense to nine sublicenses. Defendants also contend remaining document

---

[1] There are currently three dispositive motions pending: (1) Docklight's motion for partial summary judgment as to all counterclaims and affirmative defenses that survived Docklight's Rule 12(b)(6) motion (except mitigation of damages); (2) Docklight's motion for judgment on the pleadings as to counterclaims and defenses Defendants added in January 2023; and (3) Defendants' motion for judgment on the pleadings as to those later-added claims and defenses. See Dkts. 90, 169, 177.

ORDER GRANTING DEFENDANTS'
MOTION TO AMEND SCHEDULING
ORDER - 2

discovery, up to nineteen fact depositions, opening and rebuttal reports from several experts, and expert depositions cannot be completed by October 6, 2023.

## DISCUSSION

A court's scheduling order can be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The good cause standard 'primarily considers the diligence of the party seeking amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Wild Fish Conservancy v. Cooke Aquaculture Pac., LLC*, 2019 WL 1755306, at *4 (W.D. Wash. Apr. 19, 2019) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

Docklight does not dispute its amendment altered the scope of the lawsuit to encompass its worldwide activity (adding a new claim of $125 million and eight sublicense agreements) but argues the expansion is not significant because non-Canadian damages are only 40% of requested damages (Dkt. 181 at 6) and because five of Docklight's contracts account for only 10% of damages (Dkt. 183, ¶ 2). However, these are still vast figures: 40% of Docklight's additional demand is $50 million, and 10% is $12.5 million—virtually the total amount of damages claimed by Docklight before the filing of its Third Amended Complaint. Also prior to the filing of the Third Amended Complaint, the only relevant sublicense was the sublicense between High Park and Docklight. Now there are eight additional contractual relationship and parties – some of whom are international (*see* Dkt. 172, at 8, Ex. A). Even if five of those contracts apparently only made up 10% of Docklight's revenue, this does not reduce the need for additional discovery into those five separate relationships.

Additionally, Docklight agrees the Court should impose a new discovery deadline. However, Docklight's proposal of a new discovery deadline for the same day as the filing of

ORDER GRANTING DEFENDANTS'
MOTION TO AMEND SCHEDULING
ORDER - 3

dispositive motions does not allow sufficient time for all parties to prepare any remaining dispositive motions after discovery is closed with the benefit of depositions and expert rebuttal reports.

Each party disputes the other's diligence in completing the pre-amendment discovery in a timely manner. At the time the Court granted Docklight leave to amend, it was assumed any new discovery related to Docklight's claims could "be completed at approximately the same time as the remaining outstanding discovery." Dkt. 157 at 7. While the parties argue who is at fault, it is clear this is no longer true – no depositions have been scheduled, the parties are still conferring about the scope of document discovery, and documents responsive to pre-amendment requests and post-amendment requests are now promised for August 5, 2023. Further discovery related to Docklight's new claim (eight new third-party sublicensees and a damage claim of $125 million) has barely begun. *See*, *e.g.*, Dkt. 185, Gazzola Decl. ¶ 6. Given that Docklight's new claims make the performance of Docklight's international sublicensees relevant (Docklight claims damages for loss of those sublicenses through 2044), it is highly unlikely Defendants could obtain third-party discovery prior to the proposed discovery deadline (or that they could reasonably have obtained it between the June 20th supplemental disclosures and the July 10th discovery deadline).

The Court finds good cause to grant Defendants' proposed extension of the trial date and pretrial deadlines. Docklight's amendment expands the scope of relevant discovery from Canada-only to worldwide, from analysis of one sublicense to nine sublicenses, and $125 million in newly claimed damages. Defendants will be prejudiced if they cannot complete discovery into the sales, marketing, expenses, and financials of Docklight and its third-party sublicensees world-wide sufficiently in advance of summary judgment. It is highly unlikely that the remaining

ORDER GRANTING DEFENDANTS'
MOTION TO AMEND SCHEDULING
ORDER - 4

document discovery, anticipated to include up to nineteen fact depositions, opening and rebuttal reports from several experts, and expert depositions, can be completed by Docklight's proposed deadline of October 6, 2023 (when dispositive motions are due). The parties should have sufficient opportunity to complete expert depositions and to incorporate these depositions, if desired, in their dispositive motions. Extending the dispositive motions deadline without extending the trial date also does not accommodate the Court's administration of its docket. Also, Docklight has not shown how it will be prejudiced by the six-month extension while Defendants will be prejudiced if they are not allowed reasonable time to defend against the new claim. *See*, *e.g.*, *FMC Corp. v. Vendo Co.*, 196 F. Supp. 2d 1023, 1050 (E.D. Cal. 2002) (granting extension where nonmoving party did "not demonstrate how a delay of a few months will prejudice them"); *See also*, *Navajo Health Foundation – Sage Mem'l Hosp., Inc. v. Burwell*, 2016 WL 10226025, at *15 (D.N.M. Sept. 16, 2016) (granting defendants' request to extend discovery schedule and trial date by four months after plaintiff doubled the amount of damages sought based on "new elements" that were "neither itemized nor quantified until days before the discovery deadline").

Accordingly, it is **ORDERED** that trial in this matter is now set for **August 19, 2024**[2] and the following pretrial deadlines are now in effect:

| EVENT | DEADLINE |
|---|---|
| All motions related to discovery filed by | December 20, 2023 |
| Fact discovery completed by | January 10, 2024 |
| Disclosure of expert testimony FRCP 26(a)(2) | January 31, 2024 |
| Disclosure of rebuttal expert testimony FRCP 26(a)(2) | February 21, 2024 |

---

[2] Defendants requested a new trial date of August 5, 2024, but the Court is not available on that date.

| | |
|---|---|
| Dispositive motions filed by | April 4, 2024 |
| Motions challenging expert witness testimony | April 4, 2024 |
| Settlement conference (if requested per LCR 39.1) no later than | April 25, 2024 |
| Mediation (if requested per LCR 39.1) no later than | May 30, 2024 |
| All motions in limine must be filed by | July 8, 2024 |
| Agreed LCR 16.1 Pretrial Order due | July 15, 2024 |
| Trial briefs, proposed voir dire questions, proposed jury instructions, deposition designation, and exhibit lists (Counsel are to confer and indicate which exhibits are agreed to) by | July 22, 2024 |
| Pretrial Conference at 9:30 a.m. | August 5, 2024 |
| Jury Trial – 7 Days | **August 19, 2024** |

DATED this 26th day of July, 2023.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER GRANTING DEFENDANTS'
MOTION TO AMEND SCHEDULING
ORDER - 6